IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ITONA WALKER, Administrator of the Estate of JOSHUA WALKER, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DEERE & COMPANY,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:  CASE NO.: 1:24-CV-179 (LAG)<br>:<br>:<br>:<br>:<br>: |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 14) and Motion to Stay (Doc. 18). For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED.** Counts I and III are **DISMISSED with prejudice**. The remainder of the Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading, and the Court orders repleader. Defendant's Motion to Stay (Doc. 18) is **DENIED as moot**.

## BACKGROUND

Joshua Walker died after falling and being run over while trying to escape his tractor which had caught fire.[1] (Doc. 1 ¶¶ 1–14). Plaintiff Itona Walker, the administrator of Joshua Walker's estate, asserts against Defendant, the tractor's designer and manufacturer, (1) a strict liability claim for an alleged design defect in the mower; (2) a negligence claim; and (3) a breach of implied warranties claim. (*Id.* ¶¶ 15–32). She seeks wrongful death, pain and suffering, and punitive damages. (*Id.* ¶¶ 33–48).

On February 8, 2023, Joshua Walker was operating a 2012 John Deere 8460R tractor, VIN Number 1RW8260RLCP067916 in a field near Clark Avenue and Branch Road in Dougherty County, Georgia. (*Id.* ¶¶ 6–7). Defendant "designed, engineered,

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all facts alleged in Plaintiff's Complaint (Doc. 1) as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Anderson v. Wilco Life Ins.*, 17 F.4th 1339, 1344 (11th Cir. 2021) (citation omitted).

manufactured, and marketed" the tractor. (*Id.* ¶ 12). The tractor was pulling a harrow tool behind it. (*Id.* ¶ 9). While he was operating the tractor, it caught fire when a brake hose ruptured. (*Id.* ¶ 8). The "fire quickly spread into the operating station and Joshua was forced to evacuate the operating station to avoid being burned." (*Id.*). While Joshua was attempting to evacuate, the tractor continued to operate, and he "either slipped or tried to jump off the burning tractor." (*Id.* ¶ 9). The harrow being pulled by the tractor ran over Joshua, causing his injuries and death. (*Id.*). At the time of the accident, the tractor was "in substantially the same design and condition as it was when it was originally manufactured, sold and placed into the stream of commerce." (*Id.* ¶ 14).

Plaintiff alleges that the tractor was defective "in that it did not have appropriate sensing devices to stop the tractor if the operator leaves the operating station with the tractor still engaged" and "did not have proper design controls to encourage quick and easy neutralization or shut down by an operator before leaving a machine." (*Id.* ¶ 10). Plaintiff also alleges that the tractor was defective "in that it was foreseeable to [Defendant] that parts would fail and that would result in loss of control of the machine which would create a hazardous condition." (*Id.* ¶ 11). According to Plaintiff, Defendant "failed to incorporate control systems that go to an energy-neutralized state, . . . incorporate guards or deflectors to direct sprayed materials to non-hazardous areas" and to "incorporate any type of barrier or extinguishment system to delay or prevent the rapid spread of fire into the operator station." (*Id.*). Plaintiff argues that the tractor's defects, "as well as the negligent, reckless, willful and wanton conduct of Defendant[,]" caused Joshua Walker's death." (*Id.* ¶ 13).

Plaintiff filed this action pursuant to the Court's diversity jurisdiction on November 20, 2024. (*Id.* ¶ 3); 28 U.S.C. § 1332. Defendant filed a Motion to Dismiss (Doc. 14) on January 17, 2025. Plaintiff responded on February 6, 2025, and Defendant replied on February 20, 2025. (Docs. 19, 20). Thus, the Motion to Dismiss is ripe for review. M.D. Ga. L.R. 7.3.1(C).

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs," but the same liberal reading does not apply to legal conclusions. *Anderson*, 17 F.4th at 1344–45 (first citing *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010); and then citing *Iqbal*, 556 U.S. at 678). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

## DISCUSSION

As discussed below, Plaintiff has stipulated to the dismissal of Counts I and III. Accepting that, the remainder of the Complaint is an impermissible shotgun pleading.

**I.    Counts I and III**

Defendant argues that Plaintiff's claims for strict liability (Count I) and negligence (Count II) are barred by Georgia's statue of repose and that Plaintiff's claim for breach of warranty (Count III) is barred by Georgia's statute of limitations. (Doc. 15 at 35). "Plaintiff stipulates that her strict liability and breach of implied warranty claims against the Defendant are due to be dismissed." (Doc. 19 at 1). Accordingly, Counts I and III are dismissed with prejudice.

**II.   Impermissible Shotgun Pleading**

Defendant argues that the Complaint should be dismissed because it is an impermissible shotgun pleading. (*Id.* at 5–7). Federal Rules of Civil Procedure 8 and 10 set forth the requirements for complaints filed in federal court. At a minimum, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief" set forth in "numbered paragraphs, each limited as far as practicable to a single

3

set of circumstances." Fed. R. Civ. P. 8(a)(2), 10(b). A complaint that does not adhere to the basic requirements of Rules 8 and 10 is a "shotgun pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The Eleventh Circuit has "little tolerance" for shotgun pleadings, which "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

A complaint is a shotgun pleading if it: (1) contains "multiple counts where each count adopts the allegations of all preceding counts"; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fails to "separate 'each cause of action or claim for relief' into a different count"; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1324–25 (alteration in original) (quoting *Weiland*, 792 F.3d at 1321–23). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323 (first citing *Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) (per curiam); and then citing *Boatman v. Town of Oakland*, 76 F.3d 341, 343 n.6 (11th Cir. 1996)).

The Complaint—while not the most egregious example of a shotgun pleading—is drafted in such a fashion as to make it difficult to evaluate and that would require the Court to make certain assumptions in order to rule on the Motion to Dismiss. First, it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint[.]" *Barmapov*, 986 F.3d at 1324. The first paragraph of each count states that "Plaintiff hereby incorporates and realleges all preceding statements and allegations in the preceding paragraphs as if expressly set forth herein." (*Id.* ¶¶ 19, 20, 29,

4

33, 35, 38). Especially given that Plaintiff and Defendant agree that Count I for strict liability design defect and Count III for breach of implied warranty are barred by the statute of repose, it is inappropriate for Count II to incorporate the "statements and allegations" that support a claim for a strict liability design defect within Count I and for Counts IV, V, and VI for wrongful death, pain and suffering, and punitive damages to incorporate the "statements and allegations" that support a claim for strict liability design defect and breach of implied warranty in Counts I and III. (*Id.* ¶¶ 15–32). In order to evaluate the sufficiency of Plaintiff's claims, the Court would have to "sift through the facts presented and decide for [itself] which were material to the particular cause of action asserted" and which parts of the Complaint are inappropriate based on the agreed upon dismissal of Counts I and III under the statute of repose. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (first alteration in original) (citation omitted). To do so would "give the appearance of lawyering for one side of the controversy and, in the process, cast [the Court's] impartiality in doubt." *Jackson*, 898 F.3d at 1355 n.6.

Furthermore, Count II fails to "separate 'each cause of action or claim for relief' into a different count[.]" *Barmapov*, 986 F.3d at 1324. In Count II, which is titled "negligence and/or wantonness and/or recklessness[,]" Plaintiff asserts claims for negligent design, negligent manufacture, and negligent failure to warn rather than separating them out into separate counts. (Doc. 1 ¶¶ 20–28). Under Georgia law, manufacturers have a "duty to exercise reasonable care in manufacturing its products so as to make products that are reasonably safe for intended or foreseeable uses" and a duty to warn consumers "of a product, [that] to [the manufacturer's] actual or constructive knowledge, involves danger to users[.]" *Chrysler Corp. v. Batten*, 450 S.E.2d 208, 211 (Ga. 1994). "Breach of these different duties hence gives rise to separate and distinct claims." *Id.*; *see Whitehead v. Green*, 879 S.E.2d 698, 710–11 (Ga. Ct. App. 2022) (explaining that design defect and manufacturing defect claims are distinct in that a "manufacturing defect . . . is one in which 'there was [a] flaw from the manufacturing process[,] not in the design or specifications of the product" (citations omitted)). Thus, Plaintiff is required to plead negligent manufacturing, negligent design, and negligent failure to warn, in separate counts to

properly plead the factual allegations to support each element of the claims. *See e.g.*, *Weiland*, 792 F.3d at 1323; *Finch v. Carnival Corp.*, 701 F. Supp. 3d. 1272, 1282–83 (S.D. Fla. 2023) (dismissing count of Complaint asserting negligent training and negligent hiring claims in the same count as a shotgun pleading given that "negligent training and negligent hiring claims are distinct causes of action with different elements requiring different findings"). Furthermore, Plaintiff asserts in the response that her negligent failure to warn claim does not fall within the statute of repose; but her negligent manufacturing and design claims are barred by the statute of repose unless Plaintiff can properly plead that "the injuries or damages [alleged] arose out of conduct manifesting a 'willful, reckless, or wanton disregard for life or property.'" *Chrysler Corp.*, 450 S.E.2d at 212 (quoting O.C.G.A. § 51-1-11(c)); (Doc. 19 at 1). In order for Defendant and the Court to assess whether the claims are properly pled and whether the statute of repose applies to the negligent design and manufacturing claims, the negligent manufacturing, design, and failure to warn claims must be pled separately.

The Court must provide Plaintiff "one chance to replead before dismissing h[er] case with prejudice on non-merits shotgun pleading grounds." *Barmapov*, 986 F.3d at 1326 (quoting *Vibe Micro*, 878 F.3d at 1296). Accordingly, the Court will strike Plaintiff's Amended Complaint and grant Plaintiff leave to submit an amended complaint that remedies the issues described above if Plaintiff's Counsel can "in good faith make the representations required by" Federal Rule of Civil Procedure 11(b). *Vibe Micro*, 878 F.3d at 1295 (citation omitted); *Jackson*, 898 F.3d at 1357 (citation omitted). Plaintiff's amended complaint shall set forth separate, discrete causes of action, pleaded in separate counts, which clearly identify the set of circumstances or allegations supporting the elements of each claim against the Defendant. *See Barmapov*, 986 F.3d at 1324 (citing Fed. R. Civ. P. 8(a)(2), 10(b)). Failure to submit a proper amended complaint within twenty-one days may result in the dismissal of this case with prejudice. *See Vibe Micro*, 878 F.3d at 1295 (citation omitted); *Jackson*, 898 F.3d at 1358 (citation omitted).

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. 14) is **GRANTED**. Counts I and III are **DISMISSED with prejudice**. The remainder of the Complaint (Doc. 1) is **DISMISSED without prejudice**. Plaintiff may submit an amended complaint within **twenty-one (21) days** of this Order. Defendant's Motion to Stay (Doc. 18) is **DENIED as moot**.

**SO ORDERED**, this 28th day of August, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**