IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ITONA WALKER, Administrator of the   :
Estate of JOSHUA WALKER, deceased,   :
  :
   Plaintiff,   :
  :
v.   :   CASE NO.: 1:24-CV-179 (LAG)
  :
DEERE & COMPANY,   :
  :
   Defendant.   :
  :

## ORDER

Before the Court is Defendant Deere & Company's Motion for Partial Dismissal. (Doc. 24). Therein, Defendant moves to dismiss Counts V and VI because they "are not standalone causes of action and are duplicative" thus failing to state a claim for relief. (Doc. 24 at 6). Specifically, Defendant contends that Count V should be dismissed because injuries and damages "are not a standalone cause of action, but rather a prayer for relief" and Count VI should be dismissed "because punitive damages are a potential remedy and not a cause of action." (*Id.*). Plaintiff responded in opposition to Defendant's Motion arguing that the Court should deny the Motion because "Plaintiff's Amended Complaint meets the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)[.]" (Doc. 25 at 5). The Court agrees.

Pursuant to Federal Rule of Civil Procedure 8, a Complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard simply requires that a plaintiff allege "enough facts to state a claim to relief that is plausible on its facts." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[w]hether a claim for

relief should be dismissed under Rule 12(b)(6) "turns not on 'whether [a plaintiff] has asked for the proper remedy but whether he is entitled to *any* remedy.'" *Schmidt v. C.R. Bard, Inc.*, No. 6:14-cv-62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014).

Here, Defendant contends that Counts V and VI of Plaintiff's Amended Complaint must be dismissed because remedies are not causes of actions in and of themselves. (Doc. 24 at 3). However, the Rule 8 standard only requires that Plaintiff alleges enough facts to state a claim plausible on its face. *See* Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 570. Which Plaintiff has done. Plaintiff's Amended Complaint sufficiently meets the requirements of Rule 8(a)(2) as alleged in the factual allegations. Plaintiff has plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. Plaintiff, however, concedes that Counts V and VI should instead be labeled "Prayers for Relief[.]" Thus, Plaintiff is granted leave to amend her complaint only to correct the headers of Counts V and VI.

Accordingly, Defendant's Motion for Partial Dismiss is **GRANTED** and Plaintiff is **GRANTED** leave to amend her Complaint within **FOURTEEN (14) DAYS**.

**SO ORDERED**, this 24th day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2